JEROME S. COHEN (SBN 143727)
ELAINE V. NGUYEN (SBN 256432)
SCOTT P. LAYFIELD (SBN 246481)
3731 Wilshire Boulevard (Suite 514)
Los Angeles, CA 90010
Tel: 213-388-8188
Fax: 213-388-6188
jsc@jscbklaw.com

[Proposed] Attorneys for Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CASE NO. 2:09-bk-42475-EC |
| DREENA MARIE DE SILVA | Chapter 11 |
| Debtor | **NOTICE OF MOTION AND MOTION FOR VALUATION OF REAL PROPERTY LOCATED AT 1025 SOUTH BURNSIDE AVENUE, LOS ANGELES, CA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARK A. HEARN AND DREENA MARIE DE SILVA IN SUPPORT THEREOF** |
| | Date: March 3, 2010
Time: 1:30 PM
Place: Courtroom 1634
       Edward R. Roybal Building
       255 East Temple Street
       Los Angeles, CA 90012 |

**PLEASE TAKE NOTICE** that on March 3, 2010, at 1:30 PM, in Courtroom 1634 of the above-entitled court, located at 255 East Temple Street, Los Angeles, CA, 90012, Dreena Marie De Silva ("Debtor"), the debtor and debtor-in-possession in the above-entitled Chapter 11 case, will and hereby does move the Court for an order regarding Debtor's *Motion for Valuation of Real Property Located at 1025 South Burnside Avenue, Los Angeles, CA* (the "Motion").

-i-

1  The Motion is based on this Notice of Motion and Motion, the attached Memorandum of
2  Points and Authorities, the supporting Declarations of Mark A. Hearn and Dreena Marie De
3  Silva, the pleadings and documents on file in this Chapter 11 case, and such other evidence and
4  arguments as the Court may consider.

5  **PLEASE TAKE FURTHER NOTICE THAT** any opposition to this Motion must be
6  filed in writing and served on proposed counsel for Debtor and other parties entitled to service,
7  at least fourteen (14) days before the date set for the hearing on this Motion, as required by Local
8  Bankruptcy Rule 9013-1.  Failure to timely file and serve any responsive papers may result in
9  the Court's failing to consider same.

11  Dated: January 28, 2010

13            */s/ Jerome S. Cohen*
          Jerome S. Cohen
14            [Proposed] Attorney for
          Debtor and Debtor-In-Possession,
15            Dreena Marie De Silva

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Dreena Marie De Silva ("Debtor"), the debtor and debtor-in-possession in the above-captioned case, hereby moves the Court for an order determining the value of real property commonly known as 1025 South Burnside Avenue, Los Angeles, CA (the "Burnside Property") pursuant to 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012.  An Order determining the value of the Burnside Property will allow Debtor to determine each claimant's interest in the Burnside Property and develop Chapter 11 plan treatment of such interest.

## II.

## FACTUAL BACKGROUND

1. On November 18, 2009, Debtor commenced the present case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Debtor continues to manage her financial affairs as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2. Debtor is the record title holder to the Burnside Property, holding title as "Dreena M. De Silva, a married woman as her [sic] and separate property". A true and correct copy of the grant deed is attached to the Declaration of Dreena Marie De Silva ("De Silva Declaration") as **Exhibit A**.

3. The Burnside Property is Debtor's principal residence and the location of her business De Silva Day Care Inc. (the "Day Care"). The Day Care is a California corporation that is wholly owned by the Debtor and the main source of Debtor's income. Debtor rents the Burnside Property to the Day Care for $6,500.00 per month and receives $1,000.00 per month as a salaried employee of the Day Care. See De Silva Declaration.

4. Santa Barbara Bank & Trust, dba Pacific Capital Bank, N.A. ("First Lender"), holds a note ("First Note") secured by a first deed of trust against the Burnside Property. According to First Lender's Proof of Claim, the amount of principal and interest currently outstanding on the First Note is $978,884.83. See Proof of Claim No. 8. A true and correct copy of the first deed of trust is attached to the De Silva Declaration as **Exhibit B**.

5. Washington Mutual Bank ("Second Lender") holds a note ("Second Note") secured by a second deed of trust against the Burnside Property. Second Lender has not filed a Proof of Claim in the instant case. Debtor believes that the current amount of principal and interest currently outstanding on Second Note is $194,186.00. A true and correct copy of the second deed of trust is attached to the De Silva Declaration as **Exhibit C**.

6. On January 22, 2010, the Court entered an order authorizing Debtor to employ Mark A. Hearn ("Hearn") to appraise the Burnside Property. Since 1992, Hearn has held California Real Estate Certification AR 013140. Hearn's experience and qualifications are more fully set forth in the Declaration of Mark A. Hearn (the "Hearn Declaration"). A copy of Hearn's resume is attached to the Hearn Declaration as **Exhibit D.**

7. Hearn inspected the Burnside Property and prepared a detailed appraisal report concerning this property. Hearn has determined that the current fair market value of the Burnside Property is $860,000.00. A true and correct copy of Hearn's appraisal report regarding the Burnside Property is attached to the Hearn Declaration as **Exhibit E**.

### III.

### RELIEF REQUESTED

By this Motion, Debtor seeks a Court order determining the value of the Burnside Property as $860,000.00 for purposes of adequate protection and plan treatment.

### IV.

### STATUTORY AND CASE AUTHORITY FOR RELIEF REQUESTED

**A.    The Bankruptcy Code Authorizes The Requested Relief**

Section 506(a)(1) of the Bankruptcy Code provides that:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. §506(a)(1).

Bankruptcy Rule 3012 provides "[t]he court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." Fed. R. Bankr. P. 3012. Accordingly, Debtor appropriately seeks a valuation order by motion.

Hearn's appraisal of the Burnside Property establishes the value of the Burnside Property at $860,000.00. Pursuant to 11 U.S.C. §506(a)(1) and Bankruptcy Rule 3012 Debtor respectfully requests that the Court find the value of the Burnside Property in accordance with Hearn's value of $860,000.00 so that Debtor may formulate plan treatment of First and Second Lender's claims.

**B.    Fair Market Value is the Proper Valuation Methodology Where Debtor Seeks to Retain Property**

Hearn's appraisal of the Burnside Property is based on market value, which is the proper method of valuation. The Ninth Circuit, in Taffi v. United States (In re Taffi) 96 F.3d 1190 (9th Cir.1996), held that where a debtor continues to retain the property, the fair market value is the appropriate method for determining valuation. In determining that the fair market value was the appropriate method of valuation, the Taffi court reasoned:

> When a Chapter 11 debtor or a Chapter 13 debtor intends to retain property subject to a lien, the purpose of a valuation under section 506(a) is not to determine the amount the creditor would receive if it hypothetically had to foreclose and sell the collateral. Neither the foreclosure value nor the costs of repossession are to be considered because no foreclosure is intended. Instead, when the proposed use of the property is continued retention by the debtor, the purpose of the valuation is to determine how much the creditor will receive for the debtor's continued possession. Hypothetical sales costs are not to be considered because no sale is intended.

Id. at 1192.

The Court in Taffi defined fair market value as follows: " The fair market value is the price which a willing seller under no compulsion to sell and a willing buyer under no compulsion to buy would agree upon after the property has been exposed to the market for a reasonable time." Id. In accordance with the Court's ruling in Taffi, Hearn's appraisal report is appropriate because Hearn's valuation is based on the market value of the property.

**C.   Valuation of the Burnside Property for Plan Treatment Purposes is Proper at This Time**

1.   Valuation for Purposes of Adequate Protection

Valuation of the Burnside Property at this juncture is appropriate because it will serve to define each lender's "interest in property" entitled to adequate protection under Bankruptcy Code Section 362(d). Bankruptcy Code Section 362(d) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an ***interest in property*** of such party in interest[.]

11 U.S.C. §362(d)[emphasis added].

The Bankruptcy Code does not define the nature and extent of "interest in property" for which a lender is entitled to adequate protection. However, the statute provides a qualifying interest demands protection only to the extent that the automatic stay will result in a decrease in the value of such entity's "interest in such property". United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988). Thus, valuation of the Burnside Property is appropriate at this time because it will serve to define each lender's "interest" in the Burnside Property entitled to adequate protection.

Debtor will need to negotiate adequate protection orders with the lenders of the Burnside Property.  A lender is  entitled to adequate protection payments on its current secured claim, but not adequate protection payments calculated on an original loan balance, as if that balance were still secured by collateral value.  If Debtor were to make adequate protection payments to undersecured lenders based on the original note balance, these payments, in essence, would function as distributions on lender's unsecured claim.  An unsecured lender would thus receive a percentage that could potentially exceed that eventually paid to other similarly situated creditors. The Ninth Circuit BAP in the Chapter 11 case, First Fed. Bank of Cal. v. Weinstein (In re Weinstein) 227 B.R. 284 (9th Cir. BAP 1998), held that adequate protection payments are not meant to improve a creditor's claim in relation to similarly situated creditors:

> "Applying postpetition, preconfirmation payments to reduce the unsecured claim would give the undersecured creditor an unwarranted bonus. The undersecured creditor would retain its full secured claim through the reorganization, which the debtor would have to pay, and receive payments on its unsecured claim outside any reorganization plan and without having to share pro rata with the other unsecured creditors. Payments intended to provide adequate protection are not meant to improve the undersecured creditor's position in relation to other creditors. See Reddington/Sunarrow Ltd. Partnership, 119 B.R. at 814. Permitting such a bonus would be **akin to providing the undersecured creditor with interest or lost opportunity costs which is expressly prohibited by Timbers**."

Id. at 296 [emphasis added].

A lender is not entitled to adequate protection of the unsecured portion of its claim. To the extent a lender claims adequate protection of an amount not secured, lender has no "interest in property" entitled to protection.  Therefore, a Court order regarding the valuation of the Burnside Property will allow Debtor to define each lender's "interest in property" entitled to adequate protection and allow Debtor to make the appropriate level of adequate protection payments.

2.  Valuation for Purposes of Plan Treatment

Valuation of the Burnside Property for purposes of plan treatment is also appropriate. As discussed above, pursuant to 11 U.S.C. §506(a)(1), a claim is secured only to the extent of the value of the collateral. Therefore, valuation of the Burnside Property will allow Debtor to ascertain the amount of each lender's secured claim and propose plan treatment accordingly.

Debtor intends to retain the Burnside Property, and submit a reorganizing plan providing for debt service at appropriate levels. The Court and all parties in interest will benefit, in the form of a smoother confirmation process, from the Debtor having obtained Court-determined valuations before submitting her plan. Accordingly, the valuation should also be for the purpose of Debtor's Chapter 11 plan.

V.

**CONCLUSION**

For the foregoing reasons, Debtor respectfully requests that the Court grant the Motion and enter an order:

1.  Determining the value of the Burnside Property to be $860,000.00 for purposes of adequate protection and plan treatment; and

2.  Granting such other and further relief as the Court deems just and proper under the circumstances of this case.

Dated: January 28, 2010

                                                */s/ Jerome S. Cohen*
                                                Jerome S. Cohen
                                                [Proposed] Attorney for Debtor
                                                and Debtor-in-Possession,
                                                Dreena Marie De Silva

# DECLARATION OF DREENA MARIE DE SILVA

I, DREENA MARIE DE SILVA, declare:

1.   I am the Chapter 11 debtor and debtor-in-possession in the above-captioned case. Except where otherwise stated below, I have personal knowledge of the facts set forth below and, if called as a witness, I would and could competently testify thereto.

2.   I make this declaration in support of my *Motion for Valuation of Real Property Located 1025 South Burnside Avenue, Los Angeles, CA* (the "Motion").

3.   I am the record title holder of real property commonly known as 1025 South Burnside Avenue, Los Angeles, CA (the "Burnside Property"). Attached hereto as **Exhibit A** is a true and correct copy of the grant deed evidencing ownership.

4.   The Burnside Property is my residence and the location of my business, De Silva Day Care Inc. (the "Day Care"). I am the sole owner of The Day Care and it is the main source of my income. Currently, I rent the Burnside Property to the Day Care for $6,500.00 per month and receive $1,000.00 per month as a salaried employee of the Day Care.

5.   Santa Barbara Bank & Trust, dba Pacific Capital Bank, N.A. ("First Lender"), holds a note ("First Note") secured by a first deed of trust against the Burnside Property. Attached hereto as **Exhibit B** is a true and correct copy of the first deed of trust.

6.   Washington Mutual Bank ("Second Lender") holds a note ("Second Note") secured by a second deed of trust against the Burnside Property. I believe that the current amount of principal and interest currently outstanding on the Second Note is $194,186.00. Attached hereto as **Exhibit C** is a true and correct copy of the second deed of trust.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on January 28, 2010, at Los Angeles, California

*/s/Dreena Marie De Silva*

Dreena Marie De Silva

-7-

# **DECLARATION OF MARK A. HEARN**

I, MARK A. HEARN, declare as follows:

1.  I am an individual over the age of eighteen. Except where otherwise stated below, I have personal knowledge of the facts set forth below and, if called as a witness, I would and could competently testify thereto.

2.  I make this declaration in support of the *Motion for Valuation of Real Property Located 1025 South Burnside Avenue, Los Angeles, CA* (the "Motion").

3.  I am a duly licensed and Certified California Real Estate Appraiser. I am the principal of Hearn Quality Appraisal, based in Long Beach, California. I provide real property appraisal services throughout Los Angeles and Orange County.

4.  In 1978, University of California, Davis, conferred on me a Bachelor of Arts degree in Economics. In 1986, I obtained a California Real Estate Salesperson's License. From 1986 to 1989 I served as Chief Appraiser for Home Savings of America, conducting single family residential, condominium, and 2-4 unit appraisals and appraisal reviews. Since 1992, I have held California Real Estate Certification AR 013140. A true and correct copy of my resume is attached hereto as **Exhibit D**.

5.  The Debtor employed me to provide the fair market value of her real property located at 1025 S. Burnside Avenue, Los Angeles, CA (the "Burnside Property")and prepare a detailed appraisal report concerning this property. From my inspection, I have determined that the fair market value of the Burnside Property is $860,000.00. A true and correct copy of my appraisal report is attached hereto as **Exhibit E**.

6.  I base my appraisal report in part on comparable sales, to the extent feasible and relevant, and on my years of experience in the market, and on current market realities.

-8-

7.   I understand that the Debtor may use this declaration and my valuation in her Chapter 11 case. I am prepared to defend my observations. I have no interest in the Debtor's bankruptcy case and no interest in the Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on ___01/29/2010___ at Long Beach, California.

                                                    _____
                                                    Mark A. Hearn

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.
My business address is: 3731 Wilshire Boulevard, Suite 514, Los Angeles, CA 90010.

The foregoing document described as
**NOTICE OF MOTION AND MOTION FOR VALUATION OF REAL PROPERTYLOCATED AT 1025 SOUTH BURNSIDE AVENUE, LOS ANGELES, CA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARK A. HEARN AND DREENA MARIE DE SILVA IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 2, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

  * **Debtor's Counsel:** Jerome S. Cohen jsc@jscbklaw.com
  * **United States Trustee**: Russell Clementson russell.clementson@usdoj.gov
                 ustpregion16.la.ecf@usdoj.gov
  * **Counsel for Pacific Capital Bank dba Santa Barbara Bank & Trust (First Lender)**:
   Susan L Vaage svaage@grahamvaagelaw.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** February 2, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge* will be *completed no later than 24 hours after the document is filed.*

X Service List "A" service information for persons and/or entities served via U.S. Mail, first class
X Service List "B" service information for persons and/or entities served via Certified Mail

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge* will be *completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date February 2, 2010            */s/ Alberto Ruiz*
                      Alberto Ruiz

-1-

**Service List**
**Dreena Marie De Silva**
**Case No. 2:09-bk-42475-EC**

| II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL– Service List "A" | II. SERVED BY CERTIFIED MAIL– Service List "B" |
|---|---|
| **Judge**<br>The Honorable Ellen Carroll<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1382<br>Los Angeles, CA 90012 | **Second Lender**<br>Washington Mutual Bank<br>Attn: Teresa Marchlewski, Registered Agent<br>9200 Oakdale Ave.<br>N1107101, Chatworth, CA 91311 |
| **First Lender**<br>Santa Barbara Bank & Trust<br>Attn: Jay D. Smith, Registered Agent<br>PO Box 60734<br>Santa Barbara, CA 93160 | JP Morgan Chase National Corporate Services<br>Attn: CT Corporation System, Registered Agent<br>818 W 7th Street<br>Los Angeles, CA 90017 |
| Santa Barbara Bank & Trust<br>Attn: Rosaura V. Magana, Operations Specialist<br>PO Box 60704<br>Santa Barbara, CA 93160<br>*(Address on Proof of Claim)* | JP Morgan Chase Bank<br>Attn: James S. Krass, Principal<br>575 Washington Blvd.<br>Jersey City, NJ 07310 |
| Pacific Capital Bancorp<br>dba Santa Barbara Bank and Trust<br>Attn: Frederick W. Clough, Registered Agent<br>1021 Anacapa Street<br>Santa Barbara, CA 93101 | WaMu/Chase Bankruptcy Department<br>Attn: Dori Brink<br>Kinwest Parkway, Suite 300<br>Irving, TX 75063 |
| **Counsel for First Lender**<br>Susan L. Vaage<br>Graham Vaage LLP<br>500 N. Brand Blvd. #1030<br>Glendale, CA 91230 | Wamu/Chase Bankruptcy Department<br>Attn: Andrea<br>10790 Rancho Bernardo Road<br>San Diego, CA 92127 |