JEROME S. COHEN (SBN 143727)
ELAINE V. NGUYEN (SBN 256432)
SCOTT P. LAYFIELD (SBN 246481)
3731 Wilshire Blvd., Suite 514
Los Angeles, CA 90010
Tel (213) 388-8188
Fax (213) 388-6188

Attorneys for Debtor and Debtor In Possession
DREENA MARIE DE SILVA

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA–LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DREENA MARIE DE SILVA<br><br>Debtor. | CASE NO. 2:09-bk-42475-EC<br><br>CHAPTER 11<br><br>**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES TO DEBTOR'S BANKRUPTCY COUNSEL; DECLARATIONS OF DREENA MARIE DE SILVA AND JEROME S. COHEN IN SUPPORT THEREOF**<br><br>Date: June 28, 2010<br>Ctrm: 1:30 PM<br>Place: Courtroom 1639<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST**

Jerome S. Cohen ("Applicant") respectfully submits this First Interim Application for Allowance and Payment of Fees and Expenses to Debtor's Bankruptcy Counsel ("Application").

Applicant serves as counsel for Dreena Marie De Silva, Debtor and Debtor In Possession (the "Debtor"). This Application covers the period beginning November 18, 2009 (the "Petition Date") through and including April 30, 2010.

## TABLE OF CONTENTS


I. Brief History of the Case....3

1. Brief Description of Debtor's Business, Principal Assets and Liabilities....3
2. Significant Events During the Bankruptcy....3

II. Entry of the Order Approving Employment of Applicant and Applicant's Present Request for Fees and Costs....4

III. A Listing of Hourly Rates of Applicant and Associates....5

IV. Prior Fee Applications.... 6

V. Interim Fees Previously Received by Applicant....6

VI. Services Rendered in the Period Covered By This Application....6

1. Case Administration/Fee and Employment Applications....6
2. Business Operations....6
3. Litigation/Stay Relief.......... ....7
4. Plan and Disclosure Statement.... 7

VII. Debtor's Approval of Fees and Costs...... ....7

VIII. The Amount Requested Is Reasonable and Appropriate....7

Declaration of Dreena Marie De Silva....9

Declaration of Jerome S. Cohen.... 10

## I.

## BRIEF HISTORY OF THE CASE

On November 18, 2009 (the "Petition Date"), Dreena Marie De Silva, Debtor and Debtor-in-Possession (the "Debtor") filed a voluntary petition commencing the instant case. The Debtor continues to manage her financial affairs as debtor-in-possession pursuant to 11 U.S.C. § § 1107 and 1108.

**1. Brief Description of Debtor's Business, Principal Assets, and Liabilities:**

The Debtor's main asset is real property located at 1025 South Burnside Avenue, Los Angeles, CA (the "Burnside Property"). The Debtor resides at the Burnside Property and has operated a day care business from the Burnside Property since 1989. In 2002, the Debtor formed De Silva Day Care Inc. (the "Day Care"), a California corporation. The Debtor is the president and sole owner of the Day Care. The Day Care operates from the Burnside Property and pays the Debtor $6,000.00 per month as rent. Santa Barbara Bank & Trust dba Pacific Capital Bank, N.A. ("First Lender") holds a note ("First Note") secured by a first deed of trust against the Burnside Property. According to First Lender's Proof of Claim filed in the instant case, the principal balance due on the First Note is $978,884.83. See Proof of Claim No 8.

Chase Home Finance ("Second Lender") holds a note ("Second Note") secured by a second deed of trust against the Burnside Property. According to Second Lender's Proof of Claim filed in the instant case, the principal balance due on the Second Note is $198,219.85. See Proof of Claim No 14.

**2. Significant Events During the Bankruptcy**

On December 18, 2009, First Lender filed a Motion for Relief From the Automatic Stay with regard to the Burnside Property ("Motion for Relief"). The Debtor and First Lender resolved the Motion for Relief by stipulation ("Stipulation"). On February 17, 2010, the Court entered an Order approving the Stipulation. The Stipulation between Debtor and First Lender set forth adequate protection payment and plan treatment of First Lender's claim.

\\

\\

On February 2, 2010, the Debtor filed a motion for valuation of the Burnside Property pursuant to 11 U.S.C. §506(a). On April 9, 2010, the Court entered an order valuing the Burnside Property at $860,000.00 ("Valuation Order").

On April 15, 2010, the Debtor filed her Chapter 11 Plan of Reorganization ("Plan") and a disclosure statement ("Disclosure Statement") describing the Plan. On May 25, 2010, the Court held a hearing concerning the adequacy of the Debtor's Disclosure Statement and subsequently continued the hearing to July 29, 2010 to afford the Debtor time to amend the Disclosure Statement.

## II.

## ENTRY OF THE ORDER APPROVING EMPLOYMENT OF APPLICANT AND APPLICANT'S PRESENT REQUEST FOR FEES AND COSTS

On December 10, 2009, Applicant timely filed an employment application ("Employment Application") with the Court. On March 22, 2010, the Court entered its order authorizing Applicant's employment as of the Petition Date.

As outlined in the Employment Application, on November 9, 2009, the Debtor retained Applicant for legal services and concurrently deposited a retainer in the amount of $10,000.00 with Counsel. The retainer agreement specified that $6,500.00 was for pre-petition services and for the Court's filing fee. Applicant deposited the remaining $3,500.00 in Applicant's client trust account as a retainer for post-petition services ("Retainer").

By this First Interim Fee Application, Applicant seeks approval of Applicant's fees and costs for the first six (6) months' work in the instant case, covering the Petition Date through April 30, 2010. Applicant's monthly billing statements detailing Applicant's services are attached herewith as **Exhibit A** to the Declaration of Jerome S. Cohen ("Cohen Declaration"). The total amount billed for post-petition fees and expenses is **$27,888.18**.

On January 31, 2010, Applicant applied a $1,441.00 credit toward the Debtor's outstanding balance. Therefore, the total outstanding balance for post-petition fees and expenses is **$26,447.18.**

From the $3,500.00 post-petition retainer, Applicant has drawn **$142.40** to pay copying expenses. Applicant still holds **$3,357.60** as a post-petition retainer in Debtor's trust account and requests authority to draw the entire **$3,357.60** as payment for post-petition fees and expenses. Applicant further request that the Court allow the remaining balance of post-petition fees and expenses as an administrative claim to be paid through the Debtor's Plan.

## III.

## A LISTING OF THE HOURLY RATES OF APPLICANT AND ASSOCIATES

Applicant agreed to serve in this case at an hourly rate of Four Hundred Dollars($400.00). This rate is at the low end of rates of other qualified practitioners with similar experience and qualifications. Furthermore, a majority of the fees sought in the instant fee application are for the services of Applicant's Associates, whose hourly rate is significantly lower. The rates are as follows:

| Name of Professional | Title | Rate |
|---|---|---|
| Jerome S. Cohen | Principal | $400.00 |
| Elaine V. Nguyen ("Nguyen") | Associate | $250.00 |
| Scott P. Layfield ("Layfield") | Associate | $250.00 |

Pursuant to LBR 2016-1, the qualifications of each Associate rendering services are listed as follows: Nguyen received her Juris Doctorate from the University of California, Hastings College of the Law in 2007. While in law school, she served as an extern for the Honorable Leslie Tchaikovsky at the U.S. Bankruptcy Court, Northern District of California and as an intern for the Office of the U.S. Trustee in Oakland. Prior to joining Applicant's office, Nguyen was an associate practicing bankruptcy law.

Layfield received his Juris Doctorate from Pepperdine University School of Law in 2006. While in law school, he served as an extern for the Honorable Kathleen Thompson at the U.S. Bankruptcy Court, Central District of California. Prior to joining Applicant's office, Layfield practiced in the areas of civil litigation and corporate law. In 2005 Layfield received his Master of Business Administration from Pepperdine University Graziadio School of Business and Management.

## IV.

## PRIOR FEE APPLICATIONS

There have been no prior fee applications.

## V.

## INTERIM FEES PREVIOUSLY RECEIVED BY APPLICANT

Applicant has received no interim fees.

## VI.

## SERVICES RENDERED IN THE PERIOD COVERED BY THIS APPLICATION

Applicant's services rendered in the period covered by this interim fee application are detailed in attached invoices, categorized and summarized as prescribed by the Office of the U.S. Trustee. See Cohen Declaration **Exhibit A**. These statements contain a detailed breakdown showing all time spent by Applicant on matters for which he seeks compensation. This breakdown includes for each service: the date, the professional who performed the service, a detailed description of the service, the time billed (in one tenth of an hour increments), and the resulting amount. In brief, the services include the following:

**1.** **Case Administration/Fee and Employment Applications**: Applicant has reviewed Debtor's financial and business records. Applicant supervised the filing of Debtor's schedules and statement of financial affairs to ensure full compliance with Rule 1007 of the Federal Rules of Bankruptcy Procedure. Further, Applicant supervised Debtor's satisfaction of U.S. Trustee compliance requirements.

Applicant also filed Employment Applications for Debtor's accountant and appraiser and drafted status conference reports.

**2.** **Business Operations:** Applicant assembled loan documents, obtained property profiles and analyzed each of the Debtor's property assets, with emphasis on valuation and loan terms. Applicant also examined accountant's spreadsheets to analyze cash flow and feasibility of Debtor's plan. Applicant briefed and aided an accountant in the preparation of several cash flow statements (with varying interest, amortization, and valuations) to determine plan feasibility over 3-5 years.

**3.** **Litigation/Stay Relief**: Applicant drafted a motion to value Debtor's Burnside Property, defended First Lender's Motion for Relief, and successfully negotiated a stipulation with First Lender for adequate protection and plan treatment of First Lender's claim.

**4.** **Plan and Disclosure Statement**:

Applicant drafted and filed with the Court Debtor's Chapter 11 plan ("Plan") and disclosure statement ("Disclosure Statement") describing the Plan.

## VII.

## DEBTOR'S APPROVAL OF FEES AND COSTS

Debtor is aware of the quantity and quality of the services provided and has received, reviewed, and approved the invoices attached hereto as **Exhibit A** to the Cohen Declaration. The Debtor has signed, and Applicant files herewith, a declaration indicating that Debtor has reviewed the fee application and has no objection. See Declaration of Dreena Marie De Silva

## VIII.

## THE AMOUNT REQUESTED IS REASONABLE AND APPROPRIATE.

According to Applicant's monthly invoices filed herewith as **Exhibit A** to the Cohen Declaration and after application of the $1,441.00 credit, the total due from Debtor to Applicant as of April 30, 2010 is **$26,447.18**. After application of the **$3,357.60** currently held in Debtor's trust account, the outstanding balance is **$23,089.58**.

Approval of Applicant's fees and costs at this juncture is appropriate considering that Applicant served constructively as Debtor's counsel for six (6) months while unpaid.

The intent of Congress in drafting the Bankruptcy Reform Act of 1978 was to attract highly qualified practitioners to the field of bankruptcy by permitting payment of reasonable fees to bankruptcy practitioners. In Re Nu Corp Energy, Inc., 764 F.2d 655, 658 (9th Cir. 1985). In order to calculate reasonable attorney's fees, this Court should begin by multiplying the number of hours expended by Applicant by his reasonable hourly rate. In Re Manoa Finance Co., Inc., 853 F.2d 687, 691, (9th Cir. 1988). In addition to multiplying hours by rates, the Court may also look at other factors to determine a proper award of attorney's fees. When reviewing fee applications, the Court may choose to consider:

1. the time and labor involved;
2. the novelty and complexity of the legal questions in the case;
3. the skill required to perform the legal services properly;
4. the preclusion of other employment by attorneys due to the acceptance of the case;
5. the customary fees for similar work;
6. whether the fee is fixed or contingent (and in Chapter 11, the court may consider Applicant's risk that if a plan is not confirmed, Applicant's administrative expenses would be subordinate to Chapter 7 administrative expenses);
7. the time limitations imposed by the case;
8. the amount of claims involved and the results obtained by the services;
9. the experience, reputation, and ability (i.e., the skill of the attorney);
10. the undesirability of the case.

In Re Yermakoff, 718 F.2d 1465, 1471 (9th Cir. 1983) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

This case has required significant time and labor. It has required maturity, judgment, and guidance of the Debtor's business and legal affairs. Applicant has served with loyalty, care, skill, diligence, and prudence. Applicant has provided cost effective services. Applicant is a sole practitioner, and this is a significant matter for the firm.

WHEREFORE, Applicant requests that this Court enter an Order:

1. Approving Applicant's post-petition fees and expenses from November 18, 2009 through and including April 30, 2010 in the amount of **$27,888.18**;
2. Approving Applicant's draw of **$142.40** from the Debtor's post-petition retainer to pay for copying expenses;
4. Authorizing Applicant to draw the remaining **$3,357.60** currently held in Debtor's trust fund account as payment for post-petition fees and expenses with the remaining balance to be paid through the Debtor's Plan as an administrative expense.

Date: June 7, 2010

Respectfully submitted;

*/s/ Jerome S. Cohen*
Jerome S. Cohen
Counsel for Debtor

**DECLARATION OF DREENA MARIE DE SILVA**

I, DREENA MARIE DE SILVA, declare:

1. I am the Debtor in this Chapter 11 case.

2. I make this declaration on the basis of personal knowledge, except as stated on information and belief.

3. I have reviewed and discussed the foregoing “First Interim Application for Allowance and Payment of Fees and Expenses to Debtor’s Counsel” (the “Application”) and know the contents thereof.

4. I am informed that my counsel, Mr. Cohen, will serve the Application upon the Office of United States Trustee and upon creditors, and file it with the Court, and that the Court must approve the compensation of Debtor’s professionals.

5. The compensation requested by my counsel, Mr. Cohen, is for services rendered for the benefit of the Debtor. I approve of the scope and quality of the services, and support the Court’s granting of the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 7, 2010

*/s/ Dreena Marie De Silva*
Dreena Marie De Silva

**DECLARATION OF JEROME S. COHEN**

I, Jerome S. Cohen, declare:

1. I serve as counsel to the Debtor and Debtor in Possession, Dreena Marie De Silva.

2. I make these statements from my own knowledge.

3. I prepared the First Interim Application for Allowance and Payment of Fees and Expenses to Debtor's Counsel ("Fee Application"). The matters stated are true and correct.

4. The amounts requested for fees are based on services actually rendered, as reflected in my records kept in the ordinary course of business. Attached as **Exhibit A** is a true and correct copy of my monthly bills and invoices to the Debtor.

5. Attached herewith as **Exhibit B** is the Summary Sheet prescribed by the U.S. Trustee.

6. I have reviewed the requirements of LBR 2016-1. This Fee Application comports with the requirements set forth in LBR 2016-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 7, 2010

*/s/ Jerome S. Cohen*
Jerome S. Cohen
Counsel for Debtor
And Debtor in Possession

| In re: DREENA MARIE DE SILVA<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:09-bk-42475 EC |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3731 Wilshire Blvd., Suite 514, Los Angeles, CA 90010

A true and correct copy of the foregoing document described as
**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES TO DEBTOR'S BANKRUPTCY COUNSEL; DECLARATIONS OF DREENA MARIE DE SILVA AND JEROME S. COHEN IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 7, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

* **Debtor's Counsel:** Jerome S. Cohen jsc@jscbklaw.com
* **United States Trustee**: Russell Clementson russell.clementson@usdoj.gov
ustpregion16.la.ecf@usdoj.gov
*** Counsel for Pacific Capital Bank dba Santa Barbara Bank & Trust (First Lender)**:
Susan L Vaage svaage@grahamvaagelaw.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On June 7, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ellen Carroll
United States Bankruptcy Court
Edward R. Roybal Federal
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____________________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 7, 2010 | Elaine V. Nguyen | */s/ Elaine V. Nguyen* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |