JEROME S. COHEN (SBN 143727)
ELAINE V. NGUYEN (SBN 256432)
3731 Wilshire Blvd. (Suite 514)
Los Angeles, CA 90010
Telephone: (213) 388-8188
Facsimile:  (213) 388-6188
Email: jsc@jscbklaw.com

Attorneys for Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA--LOS ANGELES DIVISION

In re:

DREENA MARIE DE SILVA,

                Debtor.

Case No. **2:09-bk-42475-EC**

Chapter 11

**SECOND AMENDED CHAPTER 11 PLAN**

**Disclosure Statement Hearing**

**Date:**  July 13, 2010
**Time:**  3:00 pm
**Ctrm:**  1639
      255 E. Temple St.
      Los Angeles, CA 90012

**Plan Confirmation Hearing**
Date:  TBD
Time:  TBD
Ctrm**:**  1639
      255 E. Temple St.
      Los Angeles, CA 90012

**TABLE OF CONTENTS**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS . . . . . . . . 1
     A.   General Overview . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.   Unclassified Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
          1.   Administrative Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
          2.   Priority Tax Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
     C.   Classified Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
          1.   Classes of Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
          2.   Classes of Priority Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
          3.   Classes of General Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . 7
     D.   Means of Effectuating the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          1.   Funding for the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
          2.   Post-Confirmation Management . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
          3.   Disbursing Agent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III. TREATMENT OF MISCELLANEOUS ITEMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     A.   Executory Contracts and Unexpired Leases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
     B.   Changes in Rates Subject to Regulatory Approval . . . . . . . . . . . . . . . . . . . . . 8
     C.   Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  EFFECT OF CONFIRMATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     A.   Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
     B.   Revesting of Property in the Debtor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     C.   Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     D.   Post-Confirmation Status Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.   Quarterly Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     F.   Post-Confirmation Conversion/Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     G.   Final Decree . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# I.

# INTRODUCTION

Dreena Marie De Silva is the Debtor in a Chapter 11 bankruptcy case. On November 18, 2009, the Debtor commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Code"), 11 U.S.C. § 101 et seq. This document is the Second Amended Chapter 11 Plan ("Plan") proposed by Dreena Marie De Silva (the "Debtor" or "Plan Proponent"). Sent to you in the same envelope as this document is the Second Amended Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a reorganizing plan. In other words, the Debtor seeks to accomplish payments under the Plan by restructuring secured debts and making payments to creditors from the Debtor's post-confirmation income and savings. The Effective Date of the proposed Plan will be 10 days following the date of entry of the Bankruptcy Court order confirming the Plan ("Plan Confirmation Order"), providing there has been no order entered staying the effectiveness of the Plan Confirmation Order. If there has been an order entered staying the effectiveness of the Plan Confirmation Order, the Effective Date shall be the first business day after the stay is no longer in effect with respect to the Plan Confirmation Order.

# II.

# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**A.    General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

**B.  Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has <u>not</u> placed the following claims in a class. The treatment of these claims is provided below.

**1.  Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code section 507(a)(1). The Code requires that each allowed administrative claim be paid in cash, in full, on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists <u>all</u> of the Debtor's § 507(a)(1) administrative claims and their treatment under the Plan:

| **Name** | **Amount Owed** | **Treatment** |
|---|---|---|
| Jerome S. Cohen ("Cohen") Debtor's Bankruptcy Counsel | $30,000.00 (estimated) | This claimant is entitled to payment in full from cash on hand on the Plan's Effective Date but has agreed to accept installment payments of $1,500.00 at the Effective Date and then $500.00 per month until paid in full. |
| Klein Mandelblatt & Co. LLP | $9,500.00 (estimated) | This claimant is entitled to payment in full from cash on hand on the Plan's Effective Date but has agreed to accept installment payments of $1,000.00 at the Effective Date and then $500.00 per month until paid in full. |
| Mark A. Hearn | $0.00 | Hearn has been paid pursuant to his employment application. |
| Clerk's Office Fees | $1,000 (estimated) | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | $325.00 (estimated) | Paid in full on Effective Date |
| TOTAL: $40,825.00 ($3,825.00 to be paid at Effective Date) | | |

Court Approval of Fees Required:

The Court must approve all fees listed in this chart before the fees will be owed. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application. Only the amount of fees allowed by the Court will be owed and required to be paid under this Plan.

### 2. Priority Tax Claims

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the date of the assessment of such tax.

The following chart lists all of the Debtor's Section 507(a)(8) priority tax claims and their treatment under the Plan:

| Description | Amount Owed | Treatment |
|---|---|---|
| **Internal Revenue Service**<br><br>Income Tax<br>Date tax assessed = 3/16/2009 | $1,386.26[1] | Paid in full upon the Effective Date. |
| ~~**L.A. County Treasurer and Tax Collector**[2]~~<br><br>~~Property Tax~~<br>~~for the period 7/1/2009-6/30/2010~~ | ~~$2,572.47~~<br>~~Per filed proof of claim~~ | ~~Debtor paid claim in full on 4/10/10.~~<br>~~Amount Owed is now $0.00.~~ |

\\

\\

\\

---

[1] On January 6, 2010, the IRS filed a Proof of Claim in the amount of $2,454.94. The Debtor has made several post-petition payments toward this claim in order to avoid penalties and fees. As a result, the claim is now only $1,386.34 as of April 15, 2010.

[2] On June 7, 2010, the Los Angeles County Treasurer & Tax Collector withdrew its Proof of Claim reflected in the Claims Register as Claim no. 13.

C.  **Classified Claims and Interests**

  1.  **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1 | **Secured claim of**: Pacific Capital Bank dba Santa Barbara Bank & Trust ("First Lender")<br><br>**Collateral description:** 1025 South Burnside Ave Los Angeles, CA 90019<br><br>**Collateral value:** $860,000.00 (per Valuation Order)<br><br>**Priority of security int.**: 1st TD<br><br>**Amount of Claim:** $978,884.83 (per proof of claim #8)<br><br>**Unsecured Portion of Claim:** None. Debtor resides at this property and does not seek bifurcation of this claim. | N | Y Creditor in this class is impaired and entitled to vote on the Plan | **Pymt interval:** Monthly<br><br>*Stage One*<br>**Pymt amt/interval:** $4,805.67 (Includes escrow payments. Escrow payment subject to slight fluctuations due to changes in taxes and insurance)<br>**Begin date:** 04/01/2010<br>**End date:** 03/01/2013<br><br>**Interest rate:** 3.125%<br><br>*Stage Two*<br>**Pymt amt/interval:** $5,203.35 (Includes escrow payments. Escrow payment subject to slight fluctuations due to changes in taxes and insurance)<br><br>**Begin date:** 04/01/2013<br>**End date:** 03/01/2037<br><br>**Interest rate** 3.125%<br>**Treatment of Lien** Retained<br><br>The treatment of the Class 1 allowed claim described in the Plan shall be in full settlement and satisfaction of the entire claim including all arrears. |

Class 1 is secured by real property that is the Debtor's residence. The Debtor does not seek to bifurcate the claim of the creditor in Class 1, but will pay this claim in full. Accordingly, no 1111(b) election is applicable for Class 1.

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 2 | **Secured claim of**: Chase Home Finance<br><br>**Collateral description:** 1025 South Burnside Ave Los Angeles, CA 90019<br><br>**Collateral value:** $860,000.00 (per Valuation Order)<br><br>**Priority of security int.**: 2nd TD<br><br>**Amount of Claim:** $198,219.85 (per proof of claim #14)<br><br>**Secured Portion of Claim:** $0.00<br><br>**Unsecured Portion of Claim:** $198,219.85—entire claim is unsecured | N | Y<br><br>Creditor in this class is impaired and entitled to vote on the Plan | \*\*\*Class 2 treatment identical to treatment of Class 4 \*\*\*<br><br>**Pymt interval:** Monthly<br><br>*Stage One*<br>**Pymt amt/interval:** $53.69<br><br>**Begin date:** Effective Date<br>**End date:** 48 months from the Effective Date<br><br>**Treatment of Lien** Extinguished<br><br>**Total Payout: 1.3%** $2,577.12 |

The claim of Class 2 is wholly unsecured and accordingly is of inconsequential value. Pursuant to 11 U.S.C. §1111(b)(1)(B)(i), the creditor in Class 2 cannot make the election under 1111(b).

5

**Claim secured by Debtor's Vehicle.**

| CLASS # | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | **Secured claim of**: HSBC Auto Finance f/k/a Household Auto Finance Corp.<br><br>**Collateral description:** 2003 Mercedes Benz E Class Sedan 4D E500<br><br>**Collateral value:** $15,352.00<br><br>**Priority of security int.**: 1st<br><br>**Amount of Claim:** $15,730.37 (per proof of claim #3) | N | N<br><br>Creditor in this class is not entitled to vote on the Plan | **Pymt interval:** Monthly<br>*Stage One*<br>**Pymt amt/interval:** $375.00<br>**Begin date:** 04/29/2010<br>**End date:** 10/29/2013<br>**Interest rate:** 10.49%<br><br>**Treatment of Lien** Retained<br><br>The treatment of the Class 3 allowed claim described in the Plan shall be in full settlement and satisfaction of the entire claim. |

Class 3 is secured by a vehicle that is used by the Debtor's business, De Silva Day Care Inc. Debtor is not in default of this claim and does not seek any modification of the contract terms, but will pay this claim in full pursuant to the terms of the original note. Accordingly, no 1111(b) options are applicable for Class 3. The Debtor requires the use of this vehicle to pick up children from school.

**2.    Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The Debtor does not have any claims that would qualify as Sections 507(a)(3), (a)(4), (a)(5), (a)(6), and (a)(7) priority unsecured claims under the Plan.

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | All General Unsecured Claims<br><br>**Total amt of claims = $157,717.58**<br><br>(per Schedule F and filed proofs of claim) | Y | Pymt interval = monthly<br>Pymt amount = $42.72<br>Begin date = Effective Date<br>End date = 48 months from the Effective Date<br>Total payout <u>**1.3%**</u> = $2,050.56 = |

### D. Means of Effectuating the Plan

### 1. Funding for the Plan

The Plan will be funded from the rental income the Debtor receives from the Day Care and from her employment income. As mentioned previously, the Debtor rents the Burnside Property to the Day Care for $6,000.00 per month. The Debtor also receives a salary from the Day Care. On June 1, 2010, the Debtor increased her monthly salary from $1,500.00 (gross) to $2,500.00 (gross).

Also during the pendency of this Chapter 11 case the Debtor has not been making mortgage payments and has been saving money. As of May 31, 2010, Debtor had approximately **$11,088.29** cash on hand. Debtor anticipates that on the Effective Date, Debtor will have approximately **$16,152.18** available.

### 2. Post-confirmation Management

Debtor alone will provide post-confirmation management. Debtor does not seek compensation in performing this duty.

### 3. Disbursing Agent

The Debtor will act as her own disbursing agent for the purpose of making all distributions provided for under the Plan. The disbursing agent shall serve without bond and without compensation.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

**A.    Executory Contracts and Unexpired Leases**

Debtor has no executory contracts and leases expired or unexpired.

**B.    Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.    Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

\\

\\

\\

\\

# IV.

# EFFECT OF CONFIRMATION OF PLAN

**A.** **Discharge**

The Debtor will receive a discharge under the Plan pursuant to and in accordance with 11 U.S.C.§ 1141. This Plan provides that upon completion of payments to **Class 2 and Class 4**, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C.§ 1141.  The Debtor may file a motion to reopen the case in order to obtain an order entering the discharge.

**B.** **Revesting of Property in the Debtor**

The confirmation of the Plan revests all of the property of the estate in the Debtor.

**C.** **Modification of Plan**

The Debtor may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan.

The Debtor may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

**D.** **Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, the Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

### E.  Quarterly Fees

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

### F.  Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders, the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7, estate. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

The order confirming the Plan may also be revoked under very limited circumstances. The Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the order of confirmation.

\\

\\

\\

\\

**G.     Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor, or other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: July 8, 2010

          */s/ Dreena Marie De Silva*
Dreena Marie De Silva,
Debtor and Debor-in-Possession
Plan Proponent

Date: July 8, 2010

          */s/ Jerome S. Cohen*
Jerome S. Cohen
Attorney for Plan Proponent