Jerome S. Cohen (S. B. N. 143727)
3731 Wilshire Blvd. (Suite 514)
Los Angeles, CA 90010
Telephone: (213) 388-8188
Facsimile: (213) 388-6188
Email: jsc@jscbklaw.com

Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>DREENA MARIE DE SILVA,<br><br>Debtor. | Case No. 2:09-bk-42475-EC<br><br>Chapter 11<br><br>**FINAL FEE APPLICATION OF JEROME S. COHEN; DECLARATIONS OF JEROME S. COHEN AND DREENA MARIE DE SILVA IN SUPPORT THEREOF**<br><br>**<u>Date and Time:</u>**<br>Date: December 8, 2010<br>Time: 1:30 p.m.<br>Crtrm: 1639 |

**TO THE HONORABLE ELLEN CARROLL, UNITED STATES BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

The following memorandum and declarations are submitted in support of the Final Application for Allowance and Payment of Fees and Expenses (the "Application") of Jerome S. Cohen ("Cohen" or "Applicant").

///

# I.

# OVERVIEW

The instant Application requests approval of fees and costs for the period beginning May 1, 2010 through October 31, 2010. Applicant shall forego the amounts billed in preparing this Application.

The Application seeks (i) allowance of fees and expenses in the amount of $20,297.70; (ii) approval of Applicant's draw of $98.06 from the Debtor's post-petition retainer to pay for courier and copying expenses; (iii) final approval of the Court's prior interim fee award of $27,888.18; and (v) authorization for Debtor to pay the fees and expenses allowed hereunder.

This is Applicant's final fee application.

# II.

# BRIEF NARRATIVE HISTORY

## A. Debtor's General Operations And Status of Bankruptcy Case

On November 18, 2009 (the "Petition Date"), Dreena Marie De Silva, debtor and debtor in Possession (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq*. (the "Code").

The Debtor's main asset is real property located at 1025 South Burnside Avenue, Los Angeles, CA (the "Burnside Property"). The Debtor resides at the Burnside Property and has operated a day care business from the Burnside Property since 1989. In 2002, the Debtor formed De Silva Day Care Inc.(the "Day Care"), a California corporation. The Debtor is the president of the Day Care. The Day Care is wholly owned by the Debtor and the main source of Debtor's income.

On August 3, 2010, the Court approved the Debtor's Second Amended Disclosure Statement as containing "adequate information" for purposes of Section 1125 of the Bankruptcy Code.

On September 14, 2010, the Court confirmed Debtor's Second Amended Chapter 11 Plan ("Plan"). Pursuant to the Plan, all allowed claims shall receive an appropriate distribution from the estate, including general unsecured creditors who otherwise would have received nothing.

**C. Applicant's Employment and Prior Fee Applications**

As outlined in Applicant's application for employment, Docket #15 (the Employment Application"), on November 9, 2009, the Debtor retained Applicant for legal services and concurrently deposited a retainer in the amount of $10,000.00 with Applicant. The retainer agreement specified that $6,500.00 was for pre-petition services and for the Court's filing fee. Applicant deposited the remaining $3,500.00 in Applicant's client trust account as a retainer for post-petition services ("Retainer").

On or about March 22, 2010, the Court entered its order approving the employment of Cohen, as of the Petition Date, as Debtor's Chapter 11 general bankruptcy counsel.

On August 9, 2010, the Court entered an order approving, in its entirety, Applicant's *Application for Payment of Interim Fees and Reimbursement of Interim Expenses* ("First Fee Application"). The First Fee Application sought payment of fees and expenses from the Petition Date through April 30, 2010 in the amount of $27,690.00 in fees and $198.18 in expenses.

///

///

///

///

## III.

## APPLICANT'S PRESENT REQUEST FOR FEES AND COSTS

This Final Fee Application seeks approval of Applicant's fees and costs for the period from May 1, 2010 through October 31, 2010. This represents a period after the period covered by the First Fee Application. At the filing of the First Fee Application, the total outstanding balance for post-petition fees and expenses was $26,447.18. In August 2010, Applicant drew-down the client trust account by $3,259.00, in accordance with the Court's order approving Applicant's First Fee Application, as payment for post-petition fees and expenses, leaving an outstanding balance owing to Applicant of $23,188.18.

For the period beginning May 1, 2010 through October 31, 2010, Applicant has attached, as **Exhibit A** to the Declaration of Jerome S. Cohen ("Cohen Declaration"), monthly billing statements detailing Applicant's services. The total amount billed for May 1, 2010 through October 31, 2010 fees and expenses is **$20,297.70**.

From the post-petition retainer, Applicant has drawn $98.06 to pay courier and copying expenses. The client trust account currently holds $0.54. Thus, the total outstanding balance for post-petition fees and expenses from the Petition Date through October 31, 2010 is **$43,485.88**.

## IV.

## A LISTING OF THE HOURLY RATES OF APPLICANT AND ASSOCIATES

Applicant originally agreed to serve in this case at an hourly rate of Four Hundred Dollars ($400.00). Beginning in May 2010, Applicant and Debtor agreed to increase the rate to Four Hundred and Forty Dollars ($440.00). This increased rate is still at the low end of rates of other qualified practitioners with similar experience and qualifications. Furthermore, a majority

of the fees sought in the instant fee application are for the services of Applicant's Associates, whose hourly rates are significantly lower. The rates are as follows:

| **Name of Professional** | **Title** | **Rate** |
|---|---|---|
| Jerome S. Cohen | Principal | $440.00 |
| Elaine V. Nguyen ("Nguyen") | Associate | $250.00 |
| Scott P. Layfield ("Layfield") | Associate | $250.00 |
| Kim A. Bui ("Bui") | Law Clerk | $140.00 |

Pursuant to LBR 2016-1, the qualifications of each Associate rendering services are listed as follows: Nguyen received her Juris Doctorate from the University of California, Hastings College of the Law in 2007. While in law school, she served as an extern for the Honorable Leslie Tchaikovsky at the U.S. Bankruptcy Court, Northern District of California and as an intern for the Office of the U.S. Trustee in Oakland. Prior to joining Applicant's office, Nguyen was an associate practicing bankruptcy law.

Layfield received his Juris Doctorate from Pepperdine University School of Law in 2006. While in law school, he served as an extern for the Honorable Kathleen Thompson at the U.S. Bankruptcy Court, Central District of California. Prior to joining Applicant's office, Layfield practiced in the areas of civil litigation and corporate law. In 2005 Layfield received his Master of Business Administration from Pepperdine University Graziadio School of Business and Management.

Kim A. Bui is a law clerk of JSC. Ms. Bui received her Juris Doctorate from the University of Southern California School of Law in 2010. Prior to law school, Ms. Bui was an

accounting associate at Chamberlin & Associates, LLC in Tempe, Arizona. She graduated in 2002 from the University of Arizona, Eller College of Business with a B.S. in Finance.

**V.**

**SERVICES RENDERED IN THE BANKRUPTCY CASE**

Applicant's services rendered in the period covered by this final fee application are detailed in attached invoices, categorized and summarized as prescribed by the Office of the U.S. Trustee. See Cohen Declaration **Exhibit A**. These statements contain a detailed breakdown showing all time spent by Applicant on matters for which he seeks compensation. This breakdown includes, for each service: the date, the professional who performed the service, a detailed description of the service, the time billed (in one tenth of an hour increments), and the resulting amount.

In summary, the services performed in the bankruptcy case, from the Petition Date through October 31, 2010, include the following:

A. **Case Administration/Fee and Employment Applications**: Applicant has reviewed Debtor's financial and business records. Applicant supervised the filing of Debtor's schedules and statement of financial affairs to ensure full compliance with Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Applicant also filed Employment Applications for Debtor's accountant and appraiser and drafted status conference reports. Further, Applicant advised Debtor on methods to increase cash flow.

B. **Business Operations:** Applicant assembled loan documents, obtained property profiles and analyzed each of the Debtor's property assets, with emphasis on valuation and loan terms. Applicant also examined accountant's spreadsheets to analyze cash flow and feasibility of

Debtor's plan. Applicant briefed and aided an accountant in the preparation of several cash flow statements (with varying interest, amortization, and valuations) to determine plan feasibility over 3-5 years.

**C.** **<u>Litigation/Stay Relief</u>**: Applicant drafted a motion to value Debtor's Burnside Property, defended Santa Barbara Bank & Trust's motion for stay relief, and successfully negotiated a stipulation with Santa Barbara Bank & Trust for adequate protection and plan treatment

D. **<u>Plan and Disclosure Statement</u>:** Applicant drafted and filed with the Court Debtor's Chapter 11 Plan, Debtor's Disclosure Statement describing Debtor's Chapter 11 Plan, and all subsequent amendments to the Disclosure Statement and Plan. Applicant analyzed cash flow projections to determine feasibility of Debtor's Plan, collected and tallied ballots for the confirmation hearing, negotiated with creditors to obtain votes, prepared a ballot summary, drafted the confirmation memorandum, and represented the Debtor in all hearings in connection with obtaining approval of the Disclosure Statement and confirmation of the Plan.

F. **<u>U.S. Trustee Compliance and Requirements</u>:** Applicant assisted the Debtor with the on-going compliance requirements of the U.S. Trustee and reviewed and filed Debtor's Monthly Operating Reports with the Court.

**VI.**

**REIMBURSEMENT SOUGHT FOR ACTUAL AND NECESSARY EXPENSES IN THE PERIOD COVERED BY THIS APPLICATION**

Applicant seeks reimbursement for the actual and necessary expenses of the period covered by this interim fee application, which are detailed in attached invoices, categorized and summarized as prescribed by the Office of the U.S. Trustee. <u>See</u> <u>Cohen Declaration</u> **Exhibit A**. These statements contain a detailed breakdown showing the actual and necessary expenses for

which Applicant seeks reimbursement. This breakdown includes for each expense: the date the expense was incurred, a description of the expense, the amount of the expense, and an explanation of the expense.

**VII.**

**DEBTOR'S APPROVAL OF FEES AND COSTS**

Debtor is aware of the quantity and quality of the services provided and has received, reviewed, and approved the invoices attached hereto as **Exhibit A** to the Cohen Declaration. The Debtor has signed, and Applicant files herewith, a declaration indicating that Debtor has reviewed the fee application and has no objection. See Declaration of Dreena Marie De Silva

**VIII.**

**THE AMOUNT REQUESTED IS REASONABLE AND APPROPRIATE**

According to the Court's order approving Applicant's First Fee Application, the monthly invoices filed herewith as **Exhibit A** to the Cohen Declaration and after the application of the $3,259.00 draw-down, the total due from Debtor to Applicant as of October 31, 2010 is **$43,485.88**. The Court has already approved **$27,888.18** of these fees by virtue of the First Fee Application. Consistent with the Plan, Debtor will tender $1,500.00 on the Effective Date and $500.00 per month until the full amount of fees and costs, allowed by the Court, are satisfied.

The intent of Congress in drafting the Bankruptcy Reform Act of 1978 was to attract highly qualified practitioners to the field of bankruptcy by permitting payment of reasonable fees to bankruptcy practitioners. In Re Nu Corp Energy, Inc., 764 F.2d 655, 658 (9th Cir. 1985). In order to calculate reasonable attorney's fees, this Court should begin by multiplying the number of hours expended by Applicant by his reasonable hourly rate. In Re Manoa Finance Co., Inc.,

853 F.2d 687, 691, (9th Cir. 1988). In addition to multiplying hours by rates, the Court may also look at other factors to determine a proper award of attorney's fees. When reviewing fee applications, the Court may choose to consider:

1. the time and labor involved;

2. the novelty and complexity of the legal questions in the case;

3. the skill required to perform the legal services properly;

4. the preclusion of other employment by attorneys due to the acceptance of the case;

5. the customary fees for similar work;

6. whether the fee is fixed or contingent (and in Chapter 11, the court may consider Applicant's risk that if a plan is not confirmed, Applicant's administrative expenses would be subordinate to Chapter 7 administrative expenses);

7. the time limitations imposed by the case;

8. the amount of claims involved and the results obtained by the services;

9. the experience, reputation, and ability (i.e., the skill of the attorney);

10. the undesirability of the case.

In Re Yermakoff, 718 F.2d 1465, 1471 (9th Cir. 1983) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974)).

This case has required significant time and labor. It has required maturity, judgment, and guidance of the Debtor's business and legal affairs. Applicant has served with loyalty, care, skill, diligence, and prudence. Applicant has provided cost effective services. Applicant is a sole practitioner, and this is a significant matter for the firm.

///

///

WHEREFORE, Applicant requests that this Court enter an Order:

1. Approving Applicant's post-petition fees and expenses from May 1, 2010 through and including October 31, 2010 in the amount of **$20,297.70**;

2. Approving Applicant's draw of **$98.06** from the Debtor's post-petition retainer to pay for courier and copying expenses;

3. Approving the Court's prior interim fee award of **$27,888.18**; and

4. Authorizing for Debtor to pay the fees and expenses allowed hereunder.

Date: November 17, 2010

Respectfully submitted;

*/s/ Jerome S. Cohen*
Jerome S. Cohen
Counsel for Debtor

**DECLARATION OF DREENA MARIE DE SILVA**

I, DREENA MARIE DE SILVA, declare:

1. I am the Debtor in this Chapter 11 case.

2. I make this declaration on the basis of personal knowledge, except as stated on information and belief.

3. I have reviewed and discussed the foregoing "Final Fee Application of Jerome S. Cohen" (the "Application") and know the contents thereof.

4. I am informed that my counsel, Mr. Cohen, will serve the Application upon the Office of United States Trustee and upon creditors, and file it with the Court, and that the Court must approve the compensation of Debtor's professionals.

5. The compensation requested by my counsel, Mr. Cohen, is for services rendered for the benefit of the Debtor. I approve of the scope and quality of the services, and support the Court's granting of the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 17, 2010

/s/ Dreena Marie De Silva

Dreena Marie De Silva

**DECLARATION OF JEROME S. COHEN**

I, Jerome S. Cohen, declare:

1. I serve as counsel to the Debtor and Debtor in Possession, Dreena Marie De Silva.

2. I make these statements from my own knowledge.

3. I prepared the First Interim Application for Allowance and Payment of Fees and Expenses to Debtor's Counsel ("Fee Application"). The matters stated are true and correct.

4. The amounts requested for fees are based on services actually rendered, as reflected in my records kept in the ordinary course of business. Attached as **Exhibit A** is a true and correct copy of my monthly bills and invoices to the Debtor.

5. Attached herewith as **Exhibit B** is the Summary Sheet prescribed by the U.S. Trustee.

6. I have reviewed the requirements of LBR 2016-1. This Fee Application comports with the requirements set forth in LBR 2016-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 17, 2010

*/s/ Jerome S. Cohen*
Jerome S. Cohen
Counsel for Debtor
And Debtor in Possession

| In re: DREENA MARIE DE SILVA Debtor(s). | CHAPTER 11<br>CASE NUMBER 2:09-bk-42475 EC |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3731 Wilshire Blvd., Suite 514, Los Angeles, CA 90010

A true and correct copy of the foregoing document described as
**FINAL FEE APPLICATION OF JEROME S. COHEN; DECLARATIONS OF JEROME S. COHEN AND DREENA MARIE DE SILVA IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On NOVEMBER 17, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

* Russell Clementson russell.clementson@usdoj.gov
* Jerome S Cohen jsc@jscbklaw.com
* Linh K Tran bline.chapter13@blinellc.com
* United States Trustee (LA) ustpregion16.la.ecf@usdoj.go
* Susan L Vaage svaage@grahamvaagelaw.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On ______ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Ellen Carroll
United States Bankruptcy Court
Edward R. Roybal Federal
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on NOVEMBER 17, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 17, 2010 | Kim A. Bui | /s/ Kim A. Bui |
|---|---|---|
| *Date* | *Type Name* | *Signature* |